if such state of mind does exist, the offense is not manslaughter but murder in the second degree."

The motion is overruled.

———

MILLER v. STATE.  (No. 3279.)

(Court of Criminal Appeals of Texas.  Oct. 14, 1914.)

1. JURY (§ 70*)—SPECIAL VENIRE—NECESSITY.
   Where an indictment contained two counts charging robbery and one charging theft from the person, and the county attorney dismissed the counts charging robbery after defendant requested a special venire, it was not error for the court to refuse to summon a special venire.
   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 310–330, 340, 350; Dec. Dig. § 70.*]

2. CRIMINAL LAW (§ 1091*)—APPEAL—BILL OF EXCEPTIONS—SUFFICIENCY.
   A bill of exceptions, showing that defendant objected to the court excusing jurors and instructing the sheriff to summon others, but not showing that the court acted improperly in excusing the jurors, presents no error.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

3. CRIMINAL LAW (§ 603*)—CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.
   Where defendant was indicted February 23d and her case called for trial March 28th, an application for continuance on account of the absence of her husband, which gave no reason why his attendance could not be secured, and which showed no diligence to have him summoned, was properly denied.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1348–1361; Dec. Dig. § 603.*]

4. CRIMINAL LAW (§ 1091*) — APPEAL — BILL OF EXCEPTIONS—SUFFICIENCY.
   A bill of exceptions, which states that for purposes of impeachment a witness testified that he had frequently arrested the defendant on various charges, but which does not negative the fact that the charges were for felonies or cases involving moral turpitude, shows no error.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

5. CRIMINAL LAW (§ 1092*)—APPEAL—BILLS OF EXCEPTION—APPROVAL.
   Bills of exception in a criminal case should be presented to the judge who tried the case for his approval, or proven by bystanders, and bills approved by another district judge are not properly verified.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Bessie Miller, alias Bessie Saunders, was convicted of theft from the person, and she appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.  Appellant was prosecuted and convicted of theft from the person, and her punishment assessed at three years' confinement in the state penitentiary.

[1] The indictment contained three counts, charging both theft from the person and robbery. As two counts in the indictment charged robbery, appellant asked that a special venire be ordered to try her. The county attorney dismissed the counts charging robbery, and she was placed on trial only on the count charging theft from the person. Under such circumstances there was no error in the court refusing to summon a special venire from which to select a jury.

[2] In another bill it is shown that appellant objected to the court excusing jurors and instructing the sheriff to summon others. As it is not attempted to be shown by the bill that the court acted improperly in excusing the jurors, the bill presents no error.

[3] There was no error in overruling the application for a continuance. Appellant was indicted February 23d, and her case was not called for trial until the 28th day of March. The application to continue was on account of the absence of the husband, whom she alleges resided in Ft. Worth, and no reason is stated why his attendance could not be secured, if she really desired his attendance. At least diligence had not been used to have him summoned.

[4] The bill of exceptions in regard to the testimony of the witness Clark does not contain sufficient allegations to enable us to properly review it. It is true it recites that Mr. Clark testified that he had frequently arrested appellant on various charges prior to the arrest in this case. If the defendant testified on the trial, and she had been arrested on charges of felony or cases involving moral turpitude, such testimony was properly admitted as affecting her credit as a witness. The bill does not negative the fact that the charges on which she had prior thereto been arrested were cases of the grade of felony, or involved issues showing moral turpitude.

[5] These are the bills in the record, and they really are not verified properly. The case was tried before Hon. Marvin Brown, district judge, and the bills are approved by Hon. R. H. Buck, district judge. The bills should have been presented to the judge who tried the case for his approval, or proven up by bystanders.

The judgment is affirmed.

———

JOHNSON v. STATE.  (No. 3219.)

(Court of Criminal Appeals of Texas.  Oct. 14, 1914.)

Appeal from District Court, Collin County; M. H. Garnett, Judge.

Abe Johnson was convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.  Appellant was convicted of the offense of pursuing the occupation of selling intoxicating liquors in prohibition territory,

and his punishment assessed at two years' confinement in the state penitentiary.

The record contains no bills of exception to the introduction or exclusion of evidence; no statement of facts accompanies the record; and under such circumstances there is no ground in the motion for new trial we can review.

The judgment is affirmed.